NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 19 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

THE TRAVELERS INDEMNITY
COMPANY OF CONNECTICUT, a
Connecticut corporation; TRAVELERS
CASUALTY INSURANCE COMPANY OF
AMERICA, a Connecticut corporation,

Plaintiffs-counter-
defendants-Appellees,

v.

WALKING U RANCH, LLC, a California
limited liability company; KATHLEEN P.
MARCH, an individual; PATRICK
BRIGHT, an individual,

Defendants-counter-
claimants-Appellants.

No. 22-55359

D.C. No.
2:18-cv-02482-CAS-GJS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted April 17, 2023[**]
Pasadena, California

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Before: WARDLAW and H.A. THOMAS, Circuit Judges, and ROSENTHAL,[***] District Judge.

Kathleen March, Patrick Bright, and Walking U Ranch, LLC (collectively, the "Insureds") appeal from the district court's grant of summary judgment to Travelers Indemnity Co. ("Travelers") on the Insureds' claim for a bad faith breach of the insurance policy and request for attorney's fees. The Insureds also appeal the district court's decision not to exclude an expert declaration from Andre E. Jardini (the "Jardini report"). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

"We review de novo a district court's grant of summary judgment, considering the record in the light most favorable to the non-moving party." *G & G Closed Circuit Events, LLC v. Liu*, 45 F.4th 1113, 1115 (9th Cir. 2022). We "may affirm the district court on any grounds the record supports." *Id.* at 1117 (citing *Sully v. Ayers*, 725 F.3d 1057, 1067 (9th Cir. 2013)).

1. The Insureds may not recover attorney's fees from Travelers for work that the former performed representing themselves in an underlying property dispute (the "underlying action") for which Travelers had a duty to defend the Insureds. Under California law, attorneys may not recover fees for work they perform representing themselves. *Trope v. Katz*, 902 P.2d 259, 262 (Cal. 1995). This

---

[***] The Honorable Lee H. Rosenthal, United States District Judge for the Southern District of Texas, sitting by designation.

2

principle also bars attorney's fees that insured, self-represented attorneys seek to recover from insurers with duties to defend them. *See Richards v. Sequoia Ins. Co.*, 195 Cal. App. 4th 431, 436–38 (2011) (finding that a self-represented attorney suffered no damages from an insurer's alleged breach of its duty to defend, because the attorney would not, in any event, have been entitled to compensation from the insurer for his self-representation). Nor does the Insureds' assertion that March and Bright performed legal work on behalf of attorneys that Travelers appointed to represent them entitle them to attorney's fees. Attorneys may not circumvent the restriction on fees for self-representation by hiring a "straw man" attorney to nominally represent them while they do all the work. *Trope*, 902 P.2d at 270.

2. March and Bright argue that they are entitled to attorney's fees because they represented Walking U Ranch, LLC, a distinct legal entity. Under California law, however, attorneys may not recover for work performed only on behalf of themselves and another party with identical interests. *See Gorman v. Tassajara Dev. Corp.*, 178 Cal. App. 4th 44, 95–96 (2009) (no attorney's fees for a husband attorney's representation of his wife in a dispute over property they jointly owned). March and Bright are married, and are the sole owners of Walking U Ranch, LLC. The Insureds therefore all shared the same interest in the outcome of the underlying action. There is also no indication that March or Bright spent any extra

time in the underlying action representing Walking U Ranch, LLC rather than themselves. *Id.* at 95.

*PLCM Group v. Drexler*, 997 P.2d 511 (Cal. 2000) does not compel a contrary result. In that case, the Supreme Court of California held that a corporation could recover attorney's fees for work performed by in-house counsel. *Id.* at 513. The Court explained that "[a] corporation represented by in-house counsel is in an agency relationship, i.e., it has hired an attorney to provide professional legal services on its behalf." *Id.* at 517. In this case, however, March and Bright are on both sides of this "agency relationship," as they are both members of the LLC and the attorneys hired by the LLC. Accordingly, no fees are warranted.

3. Because Travelers did not breach its duty to defend the Insureds by failing to pay the requested attorney's fees, we affirm the district court's grant of summary judgment to Travelers on the Insureds' claim for bad faith. *See Grebow v. Mercury Ins. Co.*, 241 Cal. App. 4th 564, 581–82 (2015) (no claim for bad faith under an insurance policy if the policy was not breached).

4. The Insureds argue that the district court erred by considering the Jardini report. The Jardini report's conclusions related solely to the reasonableness of the fees that the Insureds requested for March and Bright's work. Because the Insureds are not entitled to any of these fees, the Jardini report was irrelevant to the

disposition of the party's claims. With or without the Jardini report, moreover, the record supports the district court's decision. *See G & G Closed Circuit Events, LLC*, 45 F.4th at 1117.

**AFFIRMED.**